UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------

                                                        **:**

**DOMINIC FIGARO, JR.,**                **:**

                                                 **:**

      **Plaintiff,**               **:**

**v.**                                    **: CIVIL ACTION NO.: 3:14-cv-06447 (FLW)(LHG)**

                                                 **:**

**ANDREW L. SIMON, M.D., and**     **:**

**ANDREW L. SIMON, M.D., F.A.C.S., P.A. :**     **ORDER AND OPINION GRANTING IN**

                                               **: PART AND DENYING IN PART**

      **Defendants.**              **: PLAINTIFF'S MOTION TO STRIKE**

                                             **: <u>CERTAIN AFFIRMATIVE DEFENSES</u>**

-----------------------------------------------------------

Presently before the Court is a motion filed by Plaintiff Dominic Figaro, Jr. ("Plaintiff") to strike certain affirmative defenses (the "Motion"). [Docket Entry No. 10]. Defendants Andrew L. Simon, M.D. ("Simon") and Andrew L. Simon, MD., F.A.C.S., P.A. (collectively "Defendants") opposed the Motion. [Docket Entry No. 14]. Plaintiff filed a reply brief (the "Reply"). [Docket Entry No. 16]. The Court has considered the papers without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the Court grants the Motion in part and denies it in part.

**I. Relevant Facts and Procedural History**

Plaintiff is a deaf individual with a limited proficiency in English who communicates primarily using American Sign Language. He filed suit against Defendants for wrongful and intentional discrimination on the basis of his disability. First Amended Complaint (the "Am. Compl.") ¶¶ 1, 4. [Docket Entry No. 6]. Defendant Simon is a surgeon who owns his own practice, specializing in urology and genitourinary surgery. Defendants' Answer to Plaintiff's First Amended Complaint, Affirmative Defenses and Jury Demand (the "Answer") ¶¶ 5-6. [Docket Entry No. 9].

Plaintiff states that he was a patient of Defendants' and that they refused his request for a

sign language interpreter on each of his visits to Defendants' office.  Am. Compl. ¶ 10.  Plaintiff

also asserts that during his visit on May 19, 2014 (the "May 19 Visit"), one of Defendants'

employees attempted to communicate with him via handwritten notes and recommended that

Plaintiff transfer to another health care provider.  *Id.* at ¶¶ 10-13.  Plaintiff contends that

Defendants failed to properly train their employees in policies of non-discrimination regarding

deaf patients and refused to provide effective means of communication despite Plaintiff's

repeated requests.  Am. Compl. ¶ 2.  Plaintiff brought suit alleging violations of the New Jersey

Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq.* (the "NJLAD"); the Americans with

Disabilities Act, 42 U.S.C. § 12182 (the "ADA"); and the Rehabilitation Act, 29 U.S.C. § 794,

and argue that Defendants willfully and knowingly committed repeated acts of intentional

discrimination against him. *Id.* at ¶ 20.

Defendants deny having any knowledge as to how Plaintiff communicates and deny ever

refusing Plaintiff reasonable accommodations for his disability.  Answer ¶¶ 1-2.  Defendants also

deny suggesting Plaintiff transfer to another doctor and deny that Plaintiff requested an

interpreter on any of his visits to Defendants' office.  Answer ¶¶ 8, 10-15.  Finally, Defendants

state that Plaintiff assaulted a staff member and voluntarily rejected the benefit of Defendants'

services after Defendants told Plaintiff that his health insurance required him to first get a

referral before visiting Defendants' office.  Answer ¶¶ 1-2.   In their answer, Defendants assert

several affirmative defenses, of which three are subject to the Motion.[1]  Answer p. 7-8.

---

[1] Plaintiff originally moved to strike ten affirmative defenses (Nos. 1, 3, 4, 5, 6, 8, 10, 14, 15, and 17).  In a letter dated April 19, 2015, counsel notified the Court that Defendants had agreed to withdraw affirmative defense Nos. 1, 6, 14, and 15. Plaintiff agreed to withdraw his motion to strike affirmative defense Nos. 4, 5, and 8.  Therefore, the parties' dispute is now limited to affirmative defense Nos. 3 (laches, unclean hands, and/or estoppel), 10 (lack of subject matter jurisdiction), and 17 (interactions at issue did not concern medical care). [Docket Entry No. 19].

Case 3:14-cv-06447-FLW-LHG   Document 22   Filed 07/09/15   Page 3 of 8 PageID: 126

## II. Parties' Arguments

Plaintiff challenges three affirmative defenses: unclean hands, estoppel, and laches; lack of subject matter jurisdiction; and that the interactions at issue did not concern medical care. He alleges that Defendants have not sufficiently explained or provided factual support to suggest that these asserted affirmative defenses are applicable to this case. Plaintiff's Memorandum of Law in Support of its Motion to Strike Defendant's Affirmative Defenses ("Mem. in Supp.") at 6. [Docket Entry No. 10-1]. He also states that the elements necessary to satisfy the affirmative defenses cannot possibly be inferred from the facts alleged in the Answer and the affirmative defenses are therefore insufficient. *Id.* at 7. Plaintiff further argues that lack of subject matter jurisdiction is not an affirmative defense, but would only be proper if filed as a motion under Federal Rule of Civil Procedure 12(b)(2). *Id.* at 8. With regard to both Defendants' tenth and seventeenth affirmative defenses, Plaintiff states that the rebuttal of facts and mere denial and restatement of factual claims asserted in the Answer do not give rise to an affirmative defense. *See* Reply at 6; *see also* Mem. in Supp. at 9.

Defendants respond that Plaintiff's assault on Defendants' staff member implicates the affirmative defenses of unclean hands and estoppel. Brief of Defendants in Opposition to Plaintiff's Motion to Strike Certain of Defendants' Affirmative Defenses Under Fed. R. Civ. P. 12(f) ("Opp'n Brief") at 4. [Docket Entry No. 14]. Defendants argue that the sufficiency of the affirmative defenses of unclean hands and estoppel rests on disputed issues of fact and the Court should therefore not strike them. *Id.* at 3-4. Defendants state that the affirmative defense of laches is applicable because Plaintiff's allegations date back to April of 2011, but Plaintiff did not file suit until October 17, 2014. *Id.* at 3.

Defendants contend that the affirmative defense based on the lack of subject matter jurisdiction is appropriate because it relies upon disputed facts; if these facts are resolved in their

3

favor, the case should be remanded to state court. Opp'n Brief at 6-7.

Regarding their last affirmative defense, that "on some or all of the dates in question, the interactions between Plaintiff and Defendants did not concern medical care," Defendants point out that Plaintiff's allegations themselves support the truth of the affirmative defense. Opp'n Brief at 9. According to the Amended Complaint, Plaintiff was not actually treated by Defendants on the May 19 Visit, so that visit did not concern medical care. *Id.* As a result, Plaintiff cannot maintain causes of action under the NJLAD, the ADA, or the Rehabilitation Act with regard to the May 19 Visit. *Id.*

## II. Legal Standard

An affirmative defense is defined as an assertion of facts that, if true, will defeat the plaintiff's claim, even if all of the allegations in the complaint are true. *Black's Law Dictionary* (10th ed. 2014). Affirmative defenses are subject to Federal Rule of Civil Procedure 12(f), which governs motions to strike and permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Newborn Bros. Co., Inc v. Albion Eng'g Co.*, 200 F.R.D. 90, 93 (D.N.J. 2014) (citing Fed. R. Civ. P. 12(f)).

To determine whether affirmative defenses are sufficient, the Court must "accept all factual allegations in the Answers as true, construe the Answers in the light most favorable to Defendants, and determine whether, under any reasonable reading of the pleadings, Defendants may be entitled to relief." *In re Gabapentin Patent Litigation,* 648 F.Supp.2d 641, 648 (D.N.J. 2009). An affirmative defense can be stricken as insufficient if it: 1) could not possibly prevent recovery under any pleaded or inferable set of facts, and 2) its continuing presence in the pleadings would prejudice the adverse party. *F.T.C. v. Hope Now, LLC,* Civ. No. 09-1204 (JBS/JS), 2011 WL 883202, at *4 (D.N.J. Mar. 10, 2011); *see also Gelman v. Rosen,* Civ. No. 14-6790 (JBS/KMW), 2015 WL 1849903, at *1 (D.N.J. Apr. 22, 2015). The Third Circuit has

held that "a court should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent." *Cipollone v. Liggett Group, Inc*., 789 F.2d 181, 188 (3d Cir. 1986); *see also Signature Bank*, 2013 WL 3286154, at *2 (stating that "[a] motion to strike will generally be denied unless the allegations confuse the issues or are not related to the controversy…").

Courts have significant discretion in deciding motions to strike; motions to strike are, however, highly disfavored because they require courts to evaluate legal issues before the factual background of a case has been completely developed. *Huertas v. U.S. Dept. of Educ.*, Civ. No. 08-3959 (RBK/KMW), 2009 WL 3165442, at *1 (D.N.J. Sept. 28, 2009). The Court notes, however, that "striking legally insufficient affirmative defenses can save time and expense by making it unnecessary to litigate defenses that will not affect the outcome of the case." *Huertas v. U.S. Dept. of Educ.*, Civ. No. 08-3959, 2009 WL 2132429, at *1 (D.N.J. July 13, 2009).

It is a plaintiff's burden to show that the affirmative defenses would prejudice his ability to litigate the matter and where the plaintiff has demonstrated "no convincing prejudice or confusion" resulting from an affirmative defense, the court will deny the plaintiff's motion to strike. *See Malibu Media, LLC v. Lee*, Civ. No. 12-03900, 2013 WL 2252650, at *8 (D.N.J. May 22, 2013); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2004) (explaining that "even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party."). Thus, even where an affirmative defense is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the affirmative defense will also prejudice the adverse party. *Signature Bank v. Check-X-Change, LLC*, Civ. No. 12-2802, 2013 WL 3286154, at *5 (D.N.J. June 27, 2013).

**III. Discussion**

**A. Third Affirmative Defense: Unclean Hands, Laches, and/or Estoppel**

In their third affirmative defense, "defendants invoke the doctrines of laches, unclean hands, and/or estoppel." Answer p. 7.  Plaintiff fails to articulate how the presence of these affirmative defenses would prejudice him.  Rather, Plaintiff focuses on the bare bones nature and mere enumeration of Defendants' third affirmative defense.  Mem. in. Supp. at 6-7.  By failing to articulate any prejudice, Plaintiff has not met his burden in bringing the Motion.  *Hope Now,* 2011 WL 883202, at *4.  Even if Plaintiff's insufficiency argument were well founded, in the absence of a showing of prejudice to the moving party, the Court declines to strike Defendants' third affirmative defense.  *Id.*  Plaintiff may, however, serve Defendants with interrogatories or other discovery requests to discern the bases for these affirmative defenses and seek relief if the factual record developed through discovery does not support the affirmative defenses.  *See Signature Bank*, 2013 WL 3286154, at *2 (holding that courts should only sparingly strike a pleading in the absence of a factual record).

**B. Tenth Affirmative Defense: Subject Matter Jurisdiction**

Defendants' tenth affirmative defense states that "this court lacks subject-matter jurisdiction."  Answer p. 7.  Defendants argue that the Court's jurisdiction over any state law claims may prove to be improper should the Court dismiss Plaintiff's ADA and Rehabilitation Act claims.  Opp'n Brief at 6.  In that situation, Defendants contend the case would have to be remanded.  *Id.*

Although it is possible that Plaintiff's ADA and Rehabilitation Act claims may at some point be dismissed, at this point these federal causes of action are so embedded in the litigation that assertion of lack of subject matter jurisdiction as an affirmative defense is premature. Furthermore, subject matter jurisdiction may be raised at any time by the parties or the Court,

and cannot be waived by failure to assert the issue as an affirmative defense.  *See ProCentury Ins. Co. v. Harbor House Club Condominium Ass'n, Inc.*, 652 F.Supp.2d 552, 558 (D.N.J. 2009).  Therefore, the Court finds it appropriate to strike Defendants' tenth affirmative defense without prejudice to Defendants' ability to raise the issue at a later date if it becomes applicable.

### C. Seventeenth Affirmative Defense: Interactions Did Not Concern Medical Care

Defendants' seventeenth affirmative defense states that "on some or all of the dates in question, the interactions between Plaintiff and Defendants did not concern medical care." Answer p. 8.  Affirmative defenses are defined as "a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's claim, even if all the allegations in the complaint are true." *Black's Law Dictionary* (10th ed. 2014).  Defendants' seventeenth affirmative defense is a mere rebuttal of fact and not an assertion of fact that could defeat Plaintiff's claim.  While Defendants' seventeenth affirmative defense is a defense, it is not appropriately labeled an affirmative defense.

Furthermore, Defendants' assertion that the interactions between Plaintiff and Defendants on the May 19 Visit did not concern medical care is redundant because Defendants make the very same point in paragraph nine of the Answer.  *See* Answer ¶ 9; *see also* Opp'n Brief at 9.  Accordingly, Plaintiff's motion to strike Defendants' seventeenth affirmative defense is granted.

**IV. Conclusion and Order**

For the foregoing reasons, and for good cause shown,

**IT IS** on this **9th** day of **July,  2015,**

**ORDERED** the Motion to Strike certain affirmative defenses [Docket Entry No. 10] is

granted in part and denied in part; and it is further

**ORDERED** that the Motion is denied without prejudice as to the third affirmative

defense; and it is further

**ORDERED** that the Motion is granted as to Defendants' tenth affirmative defense,

without prejudice to Defendants' ability to raise the lack of subject matter jurisdiction at a later

date if it becomes appropriate; and it is further

**ORDERED** that the Motion is granted as to Defendants' seventeenth affirmative

defense.


**LOIS H. GOODMAN**
**United States Magistrate Judge**

8